UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES E. ROBERTS,

    Plaintiff,

vs.                              CASE NO. 2:25-CV-10254
                                  HONORABLE SEAN F. COX
                                  CHIEF UNITED STATES DISTRICT JUDGE

TERPSTRA,

    Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

James Roberts, ("Plaintiff"), incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, filed a civil rights complaint filed pursuant to 42 U.S.C. § 1983. The Court has reviewed the complaint and now **DISMISSES FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

### I. Background

Plaintiff claims that the defendant, a prison guard, made a verbal threat to him. While plaintiff was being patted down, the defendant looked up at the beams on the ceiling and stated that he "should pull out his rope and hang me from the pipes." Plaintiff alleges that the defendant's threat violated his constitutional rights. Plaintiff seeks monetary damages.

### II. Standard of Review

Plaintiff was allowed to proceed without prepayment of fees. *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:

1

   (B) the action or appeal:
   (i) is frivolous or malicious;
   (ii) fails to state a claim on which relief may be granted; or
   (iii) seeks monetary relief against a defendant who is immune from such relief.

  A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F.3d at 612.

  While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

  To prove a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

### III. Discussion

The complaint must be dismissed because plaintiff has failed to state a claim upon which relief can be granted.

Allegations of verbal abuse and harassment by a prison official towards an inmate do not constitute cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution and are therefore insufficient to state a claim under 42 U.S.C. § 1983. *Ivey v. Wilson,* 832 F.2d 950, 954-55 (6th Cir. 1987); *Davis v. Michigan Dept. of Corrections,* 746 F. Supp. 662, 667 (E.D. Mich. 1990). Even verbal threats by a corrections officer to assault an inmate do not violate an inmate's Eighth Amendment rights. *See Miller v. Wertanen,* 109 F. App'x 64, 65 (6th Cir. 2004); *see also Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979)(Sheriff's idle threat to hang a prisoner does not give rise to a § 1983 claim). A verbal threat is actionable under § 1983 only if it amounts to assault, results in physical harm, or is part of a pattern of unnecessary and wanton abuse. *See Guzinski v. Hasselbach,* 920 F. Supp. 762, 764, n. 1 (E.D. Mich. 1996)(internal citation omitted).

The complaint must be dismissed against the defendant because plaintiff only alleges that he verbally harassed him. Plaintiff is not entitled to relief on his claim. Because plaintiff's complaint lacks any arguable basis in the law, thus, this Court certifies that any appeal by the plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006)(citing 28 U.S.C. § 1915(a)).

## IV.  ORDER

  IT IS ORDERED THAT:

  **(1)**  The civil rights complaint is **DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

  **(2) IT IS FURTHER ORDERED AND CERTIFIED** by the court that any appeal taken by plaintiff would not be done in good faith.


March 5, 2025                                                                                   s/Sean F. Cox
                                                                                                         Sean F. Cox
                                                                                                         U. S. District Judge